UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

THE CITY OF NEW YORK,

                              Plaintiff,

                  -against-

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                              Defendant.

---------------------------------------------------------------------------x

**COMPLAINT**

Civil Action No. 19-cv- _____

Plaintiff, the City of New York ("City"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, alleges upon personal knowledge as to itself and upon information and belief as to all other matters:

## INTRODUCTION

1.      This is an action for a declaration that defendant Philadelphia Indemnity Insurance Company ("Philadelphia") has a duty to defend the City in the personal injury action captioned *Randolph Wright a/k/a Ashley Wright v. The City of New York, a municipal entity, Acacia Network Housing, Inc., Sera Security Services LLC, Diamond Pitman, an employee and/or agent of the New York City Department of Homeless Services and/or Acacia Network Housing, Inc., "John Does" (one of whom is "Ralph" and whose last name is unknown) and "Sally Roes," employees and/or agents of the New York City Department of Homeless Services and/or Acacia Network Housing, Inc., Lilly Rosario, an employee and/or agent of the New York City Department of Homeless Services and/or Sera Security Services LLC, Kadija Still, an employee and/or agent of the New York City Department of Homeless Services and/or Acacia Network Housing, Inc., "Joe" Rodney, an employee and/or agent of the New York City*

Department of Homeless Services and/or Acacia Network Housing, Inc., Rafael Rodney, a former employee and/or agent of the New York City Department of Homeless Services and/or Sera Security Services LLC, Officer Baldwin, an employee and/or agent of the New York City Department of Homeless Services and/or Acacia Network Housing, Inc., Officer Cyriaque, an employee and/or agent of the New York City Department of Homeless Services and/or Acacia Network Housing, Inc., Captain Adams (formerly Lieutenant), an employee and/or agent of the New York City Department of Homeless Services and/or Acacia Network Housing Inc., and/ or Sera Security Services LLC, each of the foregoing above named persons in his/her individual and in his/her official capacities, (the "Wright Action"), and to reimburse the City for the costs it has incurred defending itself in the Wright Action subsequent to the City's December 17, 2018 tender of defense to Philadelphia.

## PARTIES

2.      The City is a municipal corporation organized pursuant to the laws of the State of New York.

3.      Defendant Philadelphia is an insurance company domiciled in Pennsylvania with its principal place of business at TMNA Services, LLC, 3 Bala Plaza East, Suite 400, Bala Cynwyd, Pennsylvania 19004.  Philadelphia is licensed to transact and engages in the business of insurance in the State of New York.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the City and Philadelphia are corporations formed under the laws of different states with their principal places of business in different states and the amount in controversy exceeds $75,000 excluding interest and costs.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1392(2) in that a substantial part of the events giving rise to the claim occurred in the district.

## FACTS

**A.   The City's Contract with Acacia, Inc.**

6.   On or about June 9, 2016, Acacia Network Housing, Inc. ("Acacia"), a not-for-profit corporation, entered into a contract with the City, acting through the New York City Department of Homeless Services ("DHS"), for the operation of temporary emergency housing and housing support shelter for adults at a facility known as Pam's Place Women's Shelter, located at 40-03 29th Street, Queens, New York ("Pam's Place") for a term of five years, beginning on April 1, 2016 and extending through October 30, 2020 (the "Contract").

7.   Acacia's operations under the Contract include "Security," requiring Acacia to provide unarmed guard services through guards trained in non-confrontational methods of dispute resolution able to intervene appropriately in conflict situations and enforce shelter rules and provide security for the shelter population.

8.   The Contract required Acacia to maintain commercial general liability insurance covering Acacia as a named insured and the City as an additional insured, in the amount of at least one million dollars ($1,000,000) per occurrence, protecting the City and Acacia from claims for property damage and/or bodily injury, including death, that arise from any of Acacia's operations under the Contract. The coverage is required to be at least as broad as that provided by the most recently issued Insurance Services Office ("ISO") Form CG 0001, and be "occurrence based," not "claims-made." The City, its officials and employees must be named as additional insureds, with coverage at least as broad as that provided by the most recently issued ISO Form CG 20 10.

**B.      Acacia Maintains from Philadelphia an Insurance Policy Naming the City as an Additional Insured**

9.      Pursuant to its obligation under the Contract, Acacia maintains a commercial general liability insurance policy issued by Philadelphia, having an effective date of December 31, 2016 and an expiration date of December 31, 2017, policy number PHPK1590939 (the "Policy").

10.      Acacia is a named insured under the Policy.

11.      The City is an additional insured under the Policy.

**C.      Facts of the *Wright* Action**

12.      On or about November 18, 2018, the City was served with a summons and complaint in the *Wright* Action.  The City was subsequently served with an amended complaint, and on or about March 6, 2019, served with a second amended complaint.

13.      The complaint and amended complaints in the *Wright* Action name the City, Acacia, and various individual employees or agents of the City and/or Acacia as defendants, alleging that on or about December 1, 2017, Ashley Wright ("Wright") was injured by Pam's Place staff members who are alternatively identified as either employees or agents of either the City or Acacia.

14.      The *Wright* complaints further allege that Wright sustained, *inter alia*, physical injuries caused by Pam's Place staff members as employees or agents of the City and/or Acacia.

15.      The allegations set forth in the *Wright* complaint are within the coverage of the Policy because Wright alleges bodily injuries proximately caused by the acts or omissions of Acacia, its agents or employees arising out of Acacia's operation of Pam's Place.

**D.     The City's Tender of the Defense of the *Wright* Action and Philadelphia's Wrongful Failure and Refusal to Defend the City**

16.     By letter dated December 17, 2018, the New York City Law Department, on behalf of the City, tendered by facsimile the defense of the *Wright* Action by notifying Philadelphia of the City's receipt of the *Wright* complaint, forwarding a copy of the complaint, and demanding a defense of the City and its employees as an additional insured under the Policy.

17.     Philadelphia replied on January 22, 2019, by requesting a copy of the Contract, which the City provided to Philadelphia on January 24, 2019.

18.     As of the date of this complaint, Philadelphia has failed to either accept or decline the City's tender of the defense in the Wright Action, thereby waiving its right to invoke any exclusions that may exist under the Policy.

**D.     Philadelphia's Liability as to the *Wright* Action**

19.     Philadelphia's failure to accept the City's tender of the *Wright* Action violates the terms of the Policy and New York law.

20.     As a result of Philadelphia's wrongful failure to provide the City with a defense in the *Wright* Action, the City has been forced to defend itself through the Law Department.

**FIRST CAUSE OF ACTION**
**(Declaration of Duty to Defend)**

21.     The City repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22.     Despite the City's demand for a defense in the *Wright* Action, Philadelphia has failed and refused to do so, in breach of its obligations under the Policy.

23.     Philadelphia's failure to defend the City in the *Wright* Action violates the Policy and the law.

5

24.     There is therefore an actual controversy of a justiciable nature between the City and Philadelphia as to whether Philadelphia is obligated to defend the City in the *Wright* Action under the terms of the Policy. A judicial declaration that Philadelphia is obligated to defend the City is necessary and appropriate at this time because, as a result of Philadelphia's wrongful failure to accept the City's tender of defense, the City has been forced to incur costs and expenses in providing its own defense.

**SECOND CAUSE OF ACTION**
**(Recovery of Post-Tender Defense Costs)**

25.     The City repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

26.     Beginning no later than the City's December 17, 2018 demand for a defense in the *Wright* Action, Philadelphia has been obligated to defend the City.

27.     Despite the City's demand that Philadelphia provide the City with a defense in the Wright Action, Philadelphia has failed and refused to do so.

28.     When an insurance carrier has wrongfully refused to acknowledge its defense obligation, the Law Department provides notice that it will charge the carrier $300 an hour for attorney time and $90 an hour for paralegal time, plus out-of-pocket costs.

29.     Philadelphia is accordingly liable for the City's defense costs in the *Wright* Action beginning no later than December 17, 2018 through the time, if any, that Philadelphia agrees to provide such defense, at the rate of $300 an hour for attorney time and $90 an hour for paralegal time, plus out-of-pocket costs.

**WHEREFORE**, the City demands judgment:

(a) On the First Cause of Action declaring that Philadelphia is obligated under the Policy to defend the City in the *Wright* Action;

(b) On the Second Cause of Action, against Philadelphia for attorneys' fees and expenses relating to the City's defense of the *Wright* Action, at the rate of $300 per hour for attorney time and $90 per hour for paralegal time plus out-of-pocket expenses and interest, from no later than December 17, 2018 through the time that Philadelphia provides such defense of the *Wright* Action, in an amount to be proven at trial;

(c) For such other relief as this Court may deem just and proper.

Dated:      New York, New York
            March 22, 2019

                          ZACHARY W. CARTER
                          Corporation Counsel of the
                             City of New York
                          *Attorneys for Plaintiff the City of New York*
                          100 Church Street, Rm. 20-99
                          New York, New York 10007
                          (212) 356-2032


                          By: _____
                                Eric Proshansky
                                Assistant Corporation Counsel